FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 FEB -7 PM 3: 21

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DENNIS OWEN THOMPSON,            )
                                 )
            Plaintiff,           )
                                 )
    v.                           )   CV 111-020
                                 )
MICHAEL J. ASTRUE, Commissioner  )
of Social Security Administration,)
                                 )
            Defendant.           )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Dennis Owen Thompson ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I. BACKGROUND

Plaintiff applied for DIB and SSI on March 14, 2006. Tr. ("R."), pp. 98-106. The Social Security Administration denied Plaintiff's applications initially, R. 43-46, and on reconsideration, R. 35-38. Plaintiff then requested a hearing before an Administrative Law

Judge ("ALJ"), and the ALJ held a hearing on October 17, 2008. R. 514-49. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as Plaintiff's mother and a Vocational Expert ("VE"). See id. On November 12, 2008, the ALJ issued an unfavorable decision.[1] R. 9-18.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since March 27, 2004 (20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*).

2. The claimant has the following severe impairments: seizures, headaches, right lower extremity problems, degenerative disc disease of the cervical and thoratic spine, depresseion, and borderline intellectual functioning. (20 C.F.R. §§ 404.1521 *et seq.* & 416.921 *et seq.*).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525, 404.1526, 416.925, & 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform sedentary work[2] with no pushing or pulling with the lower

---

[1] In his decision, the ALJ noted that Plaintiff had alleged a disability onset date of April 27, 2001. R. 12. The ALJ, however, noted that Plaintiff had filed separate applications for SSI and DIB that had been rejected by a different ALJ, who determined that Plaintiff was not disabled through March 26, 2004. Id. The ALJ found that determination "final and binding under the doctrine of res judicata," and he accordingly limited his decision to determining whether Plaintiff was disabled from March 27, 2004, through November 12, 2008 (the date of his decision). R. 12, 18 n.1. Plaintiff does not challenge this temporal limitation in the instant case.

[2] "Sedentary work" is defined as work that involves:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and

2

extremities; a sit/stand option; no working around hazards; only occasional contact with the general public; occasional change to the work setting; no pace or production work; and doing simple, routine, and repetitive tasks (20 C.F.R. §§ 404.1565 & 416.965). The claimant is unable to perform any of his past relevant work.

5. Considering the claimant's age, education, work experience, RFC, and the testimony of the VE, there are other jobs that exist in significant numbers in the national economy that the claimant can perform, including "surveillance system monitor" and "cashier II" (20 C.F.R. §§ 404.1569, 404.1569a, 404.969, 404.969a). Therefore, the claimant was not under a disability, as defined in the Social Security Act, from March 27, 2004, through November 12, 2008 (the date of the ALJ's decision).

R. 14-22.

When the Appeals Council denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision. Plaintiff argues that the ALJ erred by improperly disregarding the opinions of his treating physicians in assessing his RFC and by basing his step five determination on testimony from the VE given in response to an inadequate hypothetical question. See Pl.'s Br. The Commissioner maintains that the decision to deny Plaintiff's applications for benefits was supported by substantial evidence and should be affirmed.[3] (See doc. no. 12 (hereinafter "Comm'r's Br.").)

---

standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) & 416.967(a).

[3] Additionally, on December 19, 2011, over four months after the Commissioner filed his brief, Plaintiff filed a reply brief, in which he reports that a subsequent application for SSI

3

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d

---

was granted, effective as of January of 2011. (Doc. no. 13.) The Commissioner responded to Plaintiff's reply brief, disputing its timeliness and the materiality of Plaintiff's subsequent SSI award. (Doc. no. 15.) Fortunately, because the Court determines that this matter must be remanded based on the material in the administrative record and the issues raised in the parties' initial briefs, it need not delve into this dispute. However, the Court notes that Plaintiff has not cited any authority in support of his contention that a subsequent SSI award may bind the Commissioner; nor has he shown that the time period relevant to the subsequent application coincides with the period relevant to the instant case.

4

at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

As noted above, Plaintiff's first allegation of error is that the ALJ improperly discounted the opinions of two of his treating physicians in assessing his RFC. In particular, Plaintiff asserts that the ALJ erred when he accorded "little weight" to the opinions of Dr. Angela Overstreet, Plaintiff's primary care provider, and Dr. Nancy McNair, who treated Plaintiff in her capacity as the Chief of Neurology at the Charlie Norwood VA Medical Center. See Pl.'s Br., pp. 7-8.

Dr. Overstreet's opinion is set forth in a letter dated June 3, 2003, which states:

Mr. Thompson has been unable to work because of a history of seizure disorder, tremors, and migraine headaches. He ambulates with a walker

5

> because of his tremors. I am unsure when and if he will be able to return to
> the work force. However because of the chronicity of his illnesses, I feel he
> is permanently disabled.

Tr. 135. Dr. McNair also submitted a letter, which is dated March 27, 2008, and states, in pertinent part, that Plaintiff "has not been able to work because he has a seizure disorder and right leg weakness." R. 477. Dr. McNair's letter also refers to Plaintiff's past medical records from the Charlie Norwood VA Medical Center. Id.

The ALJ noted both of these opinions in the portion of his decision addressing the severity of Plaintiff's claimed impairments. R. 15. In addition, he briefly referenced additional medical records concerning neurological treatment Plaintiff received at the Charlie Norwood VA Medical Center in 2008 from Dr. McNair and other medical providers, although he did not discuss the portion of those records addressing Plaintiff's seizure disorder. See id. (citing R. 478-91 (identified as Ex. 14F in ALJ decision)). The ALJ also discussed medical records from various other sources, including Kevin Turner, Ph.D, a psychologist who performed a consultive evaluation in 2005 and concluded, *inter alia*, that Plaintiff suffered from major depressive disorder and borderline intellectual functioning, as well as problems with concentration, stress, and social interaction. Id. (citing R. 162-67 (identified as Ex. B-6F in ALJ decision)).

In a subsequent section of his decision, the ALJ assessed Plaintiff's RFC and found that he was capable of sedentary work with several additional limitations, as set forth above. R. 16; see also supra Part I (quoting RFC finding). In making his RFC assessment, the ALJ stated:

> I have found [Plaintiff] and his mother to be credible only to the extent that

6

> [Plaintiff] can perform [the] work activity [identified in the RFC finding]. I agree with Dr. Turner's opinion only where it is consistent with the [RFC] that I have found for [Plaintiff]. <u>I have also given little weight to the opinions of Dr. McNair and Dr. Overstreet</u>. I note that [Plaintiff's] mother reported in March 2006 that [Plaintiff] read the Bible, went shopping, and visited family. Furthermore, in September 2006 it was noted that [Plaintiff] did not have any abnormality of strength in the right leg. Finally, [Plaintiff] testified that his medication helped with his seizures and that he was able to vacuum.

R. 16 (citations omitted) (emphasis added).

Plaintiff argues that the ALJ erred because he did not specify reasons for giving little weight to the opinions of Dr. McNair and Dr. Overstreet. Pl.'s Br., pp. 7-8. The Commissioner concedes that "the ALJ did not state his reasons with perfect clarity." Comm'r's Br., p. 5. However, the Commissioner argues that the ALJ did not err because he meant for his subsequent observations regarding Plaintiff's daily activities and the September 2006 medical record to provide the basis for discounting the opinions of Plaintiff's treating physicians. See id. The Commissioner also argues that to the extent the ALJ erred in discounting these opinions, such error is harmless. Id. at 6-7.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (ruling that ALJ must accord substantial or considerable weight to opinion of treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776

7

F.2d 960, 961-62 (11th Cir. 1985) (*per curiam*) (same). The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991).

Furthermore, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p; see also 20 C.F.R. § 404.1527(e).

Here, the Court agrees with the Commissioner that the opinions of Dr. Overstreet and Dr. McNair as to the ultimate issue of Plaintiff's disability were not entitled to controlling weight, as that determination is reserved to the Commissioner. However, the fact that a portion of these physicians' opinions addressed an issue reserved to the Commissioner does not justify discounting the opinions in their entirety. For example, Dr. Overstreet's opinion addresses the existence and severity of Plaintiff's "seizure disorder, tremors, and migraine headaches," as well as his use of a walker due to his tremors and the chronicity of Plaintiff's conditions. See R. 135. Likewise, Dr. McNair's opinion refers to Plaintiff's "seizure disorder" and "right leg weakness," as well as the previous medical records regarding Plaintiff's neurological treatment at the VA Medical Center, which were provided to the ALJ

and are included in the record.[4] See R. 477.

Furthermore, contrary to the Commissioner's position, the ALJ did not make clear his reasons for discrediting the opinions of Dr. McNair and Dr. Overstreet. Rather, as is apparent from the previously quoted portion of his decision, the ALJ set forth his decision to assign these opinions little weight in a series of declarations that included a credibility determination regarding the testimony of Plaintiff and his mother, as well as a determination as to the degree of weight to be accorded to Dr. Turner's opinion, all of which were followed, without any indication of connection, by notations regarding Plaintiff's daily activities and a 2006 medical record. See R. 16. In other words, the ALJ failed to link any of his various determinations to the evidence he subsequently references. While the Commissioner would have the Court make the connections the ALJ failed to make, Eleventh Circuit law on this point is clear: "When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate [his] reasons." Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (emphasis added). It is equally well established that failure to specify the reason for discounting a treating physician's opinion is reversible error. MacGregor, 786 F.2d at 1053. As a result, remand is required in this case.

Furthermore, even if the Court were to accept the Commissioner's assertion regarding the ALJ's intended reasons for discounting Plaintiff's treating source opinions, the portions

---

[4]In light of the content of these opinions, the Court likewise rejects the Commissioner's assertion that the opinions were too short and conclusory to warrant consideration. See Comm'r's Br., pp. 6-7. In other words, while the opinions were brief, they did not simply state the conclusion that Plaintiff was disabled, but rather specified reasons for their respective authors' belief that Plaintiff was unable to work. See R. 135, 477.

9

of the decision cited by the Commissioner fail to provide a meaningful basis for discounting those opinions.

For example, the Commissioner notes the ALJ's observations that Plaintiff testified that he was able to vacuum and that "[Plaintiff's] mother reported in March 2006 that [Plaintiff] read the Bible, went shopping, and visited family."[5] Comm'r's Br., p. 6. However, "participation in everyday activities of short duration, such as housework . . . , [does not] disqualif[y] a claimant from disability." Lewis, 125 F.3d at 1441; see also Holman v. Barnhart, 313 F. Supp. 2d 1265, 1270 (N.D. Ala. 2004) ("[A]n applicant need not be completely bedridden or unable to perform any household chores to be considered disabled." (quoting Easter v. Bowen, 867 F.2d 1128, 1130 (8th Cir. 1989))). The same may be said for activities such as reading and limited family interaction. In short, "Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity. . . . It is well established that sporadic or transitory activity does not disprove disability." Holman, 313 F. Supp. 2d at 1270 (quoting Smith v. Califano, 637 F.2d 968, 971-72 (3d Cir. 1981)).

Here, the evidence of Plaintiff's daily activities noted by the ALJ and cited by the Commissioner does not provide an adequate basis for discounting the opinions of Plaintiff's treating physicians. Neither the ALJ nor the Commissioner explain, for example, how

---

[5]It should be noted that Plaintiff testified that vacuuming is the only household chore he can do and that he can only vacuum when he is able "to hang on to a wall or a piece of furniture." R. 535-36. In the report from Plaintiff's mother, she states that he goes shopping approximately twice a year, always accompanied by someone else and primarily for special shoes that fit over his leg brace. R. 115. She further reports that his family visitation is primarily limited to seeing her and his wife, and she states that his hobbies are "reading his Bible and watching TV and walking outside when someone is with him." R. 116.

engaging in activities such as daily Bible reading or biannual shopping trips contradicts the opinions of Dr. McNair and Dr. Overstreet regarding the severity of Plaintiff's seizure condition, leg weakness, or headaches.

The Court similarly rejects the Commissioner's assertion that discounting the treating source opinions was justified by the ALJ's observation that a 2006 report noted that Plaintiff "did not have any abnormality of strength in his right leg." R. 16. At most, this evidence calls into question the portions of the opinions of Dr. McNair and Dr. Overstreet pertaining to Plaintiff's right leg weakness. However, it says nothing of Plaintiff's seizure disorder and migraine headaches, both of which were addressed in the discredited opinions. See R. 14, 135, 477. Furthermore, of note in this regard, the ALJ does not mention the portions of the 2008 treatment notes from the VA Medical Center by Dr. McNair and other providers that discuss Plaintiff's seizure disorder, describing it as "intractable." R. 485-86; see Martin v. Heckler, 748 F.2d 1027, 1033 (11th Cir. 1984) ("It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." ).

Equally unavailing is the Commissioner's contention that any error by the ALJ in disregarding the opinions of Plaintiff's treating physicians is harmless. The Commissioner would have the Court make a *de novo* determination of the effects of the impairments discussed in these opinions and hold that Plaintiff's resulting RFC would nevertheless permit him to perform other work such that he is not disabled. See Comm'r's Br., p. 7 ("[E]ven if accepted as true, the opinions [of Dr. Overstreet and Dr. McNair] do not suggest functional limitations inconsistent with the ALJ's RFC finding . . . ."). However, such a determination

is for the ALJ, not this Court, to make in the first instance. See Moore v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005) (per curiam) (remanding where the ALJ failed to consider certain factors and indicate their impact on his ultimate RFC assessment); see also Mills v. Astrue, 226 F. App'x 926, 932 (11th Cir. 2007) (*per curiam*) ("A court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." (quoting Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 546 (6th Cir. 2004))).

This is especially true where, as here, the VE testified that Plaintiff would be unable to perform any jobs if, aside from the limitations identified in the RFC assessment, he also suffered from any one of a number of additional impairments, including "debilitating migraine headaches," "tremors that impair the ability to work," or "uncontrollable seizures." R. 547-48; see Simmons v. Barnhart, No. 03-11485, slip op. at 5 (11th Cir. Nov. 28, 2003) (rejecting district court's harmless error analysis of ALJ's failure to include all identified limitations in hypothetical to VE and citing Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*), for the proposition that courts should not assume the type of answer that VE may provide if presented with additional limitations). Therefore, a remand is warranted so that the ALJ can adequately address the opinions of Plaintiff's treating sources and, if necessary, make any adjustments to the RFC and the list of impairments in the hypothetical presented to the VE.[6]

---

[6]In light of its determination that the Commissioner's decision is not supported by substantial evidence due to the ALJ's improper disregard of the opinions of Plaintiff's treating physicians, the Court need not reach the remainder of Plaintiff's contentions. Of

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 7th day of February, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

course, on remand, Plaintiff's claims must be evaluated in compliance with the applicable regulations and case law in all respects. For example, the underlying assumptions of any hypothetical questions presented to a VE must accurately and comprehensively reflect the claimant's characteristics. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations is grounds for remanding case for further proceedings).